IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

                                                                Case No. 19-10135-EFM

JOHNNY DEAN HOPKINS,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Johnny Dean Hopkins' Motion to Suppress Evidence (Doc. 28). Hopkins contends that a U.S. Magistrate Judge improperly authorized the search of his Dropbox accounts, which were located in California. He seeks to suppress evidence obtained from the search of those accounts and the subsequent search of his residence pursuant to a search warrant that relied on evidence obtained from one of his Dropbox accounts. For the following reasons, the Court denies Hopkins' motion.

**I.    Factual and Procedural Background**

On May 24, 2019, and August 16, 2019, the FBI submitted an application and affidavit for a search warrant for Dropbox.com accounts located in the Northern District of California. The FBI sought information associated with the screen name "Johnny Hopkins" and certain email addresses and user identifiers stored at Dropbox's headquarters in San Francisco, California. Specifically, the information to be disclosed by Dropbox included, in part, all records regarding

the identification of the account, information recorded by Dropbox from a user's device, the types of service utilized by the user, the records stored by the user, a list of all users found within the account, and records of session times and IP addresses for each session for every user of the account. The application also stated that the government would seize all information that "constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. § 2252 and 2252A." This included such information as (1) records related to the identity of the person who created, accessed, or used the user ID, (2) the identity of the device used to create, access, and upload content related to the crimes under investigation, (3) content pertaining to the sexual exploitation of children and/or child pornography, and (4) the identity of persons who communicated with the user ID about matters relating to the sexual exploitation of children or child pornography.

The affidavits attached to the applications stated that the search warrants were sought under the Stored Communications Act ("SCA"). The affidavits alleged that there was probable cause to believe that the Dropbox account associated with the screen name "Johnny Hopkins" violated 18 U.S.C. §§ 2252 and 2252A. The affidavit also alleged that the email address associated with the phone number was associated with a user in Haysville, Kansas.

After reviewing the applications for warrant and the accompanying affidavits, U.S. Magistrate Judge Birzer approved and issued the first Dropbox warrant on May 24, 2019, and the second Dropbox warrant on August 16, 2019. Magistrate Judge Birzer also issued a search warrant for Hopkins' residence at Lake Afton Campsite 41 (in Sedgwick County, Kansas) on July 2, 2019. The application for this search warrant relied in part on evidence obtained from the May 24, 2019 Dropbox warrant.

In October 2019, a federal grand jury returned a two-count Indictment, charging Hopkins with transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1). Hopkins filed his motion to suppress in July 2020. The government opposes his motion.

## II.     Analysis

Hopkins argues that Magistrate Judge Birzer lacked authority under Federal Rule of Criminal Procedure 41(b) to issue a search warrant to be executed in California. Thus, Hopkins contends that the Dropbox search warrants were invalid, and all information obtained from the search warrants must be suppressed. Hopkins further argues that the evidence obtained from the search of his residence must be suppressed as fruit of the poisonous tree because that search was performed based on evidence obtained from the execution of the May 24, 2019 Dropbox search warrant.

The government argues that the Dropbox search warrants were valid because the SCA explicitly authorizes U.S. Magistrate Judges to issue search warrants like those at issue here. As both parties have noted, Hopkins raises the same arguments in his motion that the Court previously rejected in *United States v. Shultz*[1] and *United States v. Rogers*.[2] Although this Court is not bound by its earlier decisions,[3] it will not depart from them in this case.

The plain language of Rule 41 and § 2703 of the SCA, as well as case law analyzing the interplay between these rules, clearly establishes that Magistrate Judge Birzer had authority to issue the warrants in question. Rule 41(a) states, "This rule does not modify any statute regulating

---

[1] 2018 WL 534333 (D. Kan. 2018).

[2] 2019 WL 339590 (D. Kan. 2019).

[3] *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent . . . upon the same judge in a different case.") (citation omitted).

search or seizure, or the issuance and execution of a search warrant in special circumstances." The SCA permits search warrants for content held by an electronic communications service and remote computing service "by a court of competent jurisdiction."[4] A "court of competent jurisdiction" is defined in part as "*any* district court of the United States (including a magistrate judge of such a court)" that "has jurisdiction over the offense being investigation."[5] Courts have recognized that this means "when the SCA applies, a magistrate judge with jurisdiction over the offense being investigated can issue a warrant to be executed outside of that judge's ordinary jurisdiction, using the procedures of Rule 41, but not constrained by the jurisdictional limitation of Rule 41(b)."[6] Thus, if a court has jurisdiction over the offense being investigated, it may issue a warrant to search property not located in its district under § 2703.

Several courts have grappled with whether the phrase "jurisdiction over the offense" refers to subject matter, personal, or territorial jurisdiction.[7] These courts appear in agreement that territorial jurisdiction is required.[8] The Court need not decide the issue here, however, because Hopkins concedes that the federal district court of Kansas had jurisdiction over the offenses investigated and thus would be a "court of competent jurisdiction." Because Magistrate Judge Birzer was a magistrate judge "of such a court," the district court's jurisdiction over the matter

---

[4] 18 U.S.C. § 2703(a).

[5] 18 U.S.C. § 2711(3)(A)(i) (emphasis added).

[6] *United States v. Barber*, 184 F. Supp. 3d 1013, 1017 (D. Kan. 2016); *see United States v. Smith*, 2017 WL 11461045, at *6 (D.N.H. 2017) (collecting cases holding that a U.S. Magistrate Judge has authority under the SCA to issue warrants for property located outside of the U.S. Magistrate Judge's district).

[7] *Barber*, 184 F. Supp. 3d at 1017-18; *United States v. Alahmedalabdaloklah*, 2017 WL 2839645, at *4-5 (D. Ariz. 2017*); In re Search of Yahoo, Inc*., 2007 WL 1539971, at *3 (D. Ariz. 2007); *In re Search Warrant*, 2005 WL 3844032, at *4-5 (M.D. Fla. 2006).

[8] *Id*.

extended to her.[9]  Furthermore, even if the Court did examine the issue, there is no dispute that each type of jurisdiction is present.  The Court clearly had subject matter jurisdiction over the federal offenses being investigated, as well as personal jurisdiction over Hopkins.  Likewise, the affidavits connected Hopkins' account utilized in the commission of the alleged crimes to Haysville, Kansas, establishing territorial jurisdiction.  Therefore, the Magistrate Judge did not exceed her authority in issuing the May 24, 2019 and August 16, 2019 search warrants on Dropbox.com.

Because the May 24, 2019 Dropbox warrant was properly issued, the July 2, 2019 search warrant that relied on evidence obtained from the execution of the Dropbox warrant was also valid.  Accordingly, Hopkins' Motion to Suppress is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Suppress Evidence (Doc. 28) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 22nd day of September, 2020.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[9] 18 U.S.C. § 2711(3)(A)(i).